**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CELESTINO FLORES MARTINEZ, AKA Celestino Flores, AKA Celestino Laureano, | No. 19-72291 |
| Petitioner, | Agency No. A206-407-147 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 15, 2022
Pasadena, California

Before: BENNETT and COLLINS, Circuit Judges, and FOOTE,** District Judge.

Celestino Flores Martinez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019), and we deny the petition for review.

Flores Martinez does not raise, and thus waives, any challenge to the agency's determination that his asylum application is untimely. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's denial of withholding of removal because Flores Martinez failed to show past persecution or a clear probability of future persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (persecution is an extreme concept); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (possibility of future harm too speculative).

Substantial evidence also supports the agency's denial of CAT protection because Flores Martinez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (possibility of torture too speculative); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in

Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard.").

**PETITION FOR REVIEW DENIED.**